1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  ZULEMA LEON GARCIA and LAURA
   PAVLOFF,

   Case No.  1:19-cv-01667-NONE-SKO

10               Plaintiffs,

   **ORDER DENYING AS MOOT MOTION
   TO COMPEL DEFENDANT MARICELA
   CUEVAS TO PRODUCE INITIAL
   DISCLOSURES AND DENYING
   REQUEST FOR SANCTIONS**

11
12       v.

13  ARNULFO GARIBAY and MARICELA
    CUEVAS,

   (Doc. 27)

14
15               Defendants.

    _____/

16
17

## I.       INTRODUCTION

18       On May 19, 2021, Plaintiffs Zulema Leon Garcia and Laura Pavloff (collectively,

19  "Plaintiffs") filed a motion to compel pro se Defendant Maricela Cuevas's initial disclosures and

20  for monetary sanctions (the "Motion"), based on Defendant Cuevas's complete failure to provide

21  initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Scheduling Order entered

22  December 8, 2020.  (Doc. 27.)

23       After having reviewed the motion and supporting documents, the matter was deemed

24  suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated

25  the hearing set for June 16, 2021.  (Doc. 31.)  Defendant Cuevas belatedly filed an opposition to the

26  Motion on June 17, 2021.  (Doc. 33.)  For the reasons set forth below, Plaintiffs' motion to compel

27  is DENIED as MOOT and the request for sanctions is DENIED.

28  ///

## II.    BACKGROUND

On November 25, 2019, Plaintiffs filed a complaint against Defendants Arnulfo Garibay and Maricela Cuevas (collectively, "Defendants") alleging discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1) *et seq.*, and retaliation and harassment under state law.[1] (Doc. 1.)  Plaintiffs allege that Defendants violated Title VII and state law by subjecting them to harassment on the basis of their sex and race, by reducing their pay and hours, and by ultimately terminating Plaintiffs' employment.  (*See id.*)  Plaintiffs seek lost wages and benefits, general damages, punitive damages, reinstatement, and attorney's fees.  (*Id.* at 33–34.)

The Court held a scheduling conference and entered its Scheduling Order on December 8, 2020.  (Docs. 25, 26.)  The Scheduling Order required, *inter alia*, that the parties "exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before January 15, 2021."  (Doc. 26 at ¶ 4.)  Plaintiffs provided their initial disclosures to Defendants on November 25, 2020.[2]  (*See* Doc. 27-2, Declaration of Tatiana L. Altman ("Altman Decl.") ¶ 4.)

Defendant Cuevas failed to provide her initial disclosures by January 15, 2021.  On February 26, 2021, Plaintiffs' counsel called and left a message for Defendant Cuevas in Spanish through an interpreter, inquiring as to the status of her initial disclosures.  (*See* Altman Decl. ¶¶ 7–8)  Plaintiffs' counsel sent Defendant Cuevas a follow-up email in Spanish on March 11, 2021, identifying the documents and information that Defendant Cuevas needed to provide in her initial disclosures and requesting that they be served immediately.  (*See id.* ¶ 9 and Exhs. 1 & 2; Doc. 27-3, Declaration of Luis E. Castillo ("Castillo Decl") ¶ 4.)  Plaintiffs' counsel spoke with Defendant Cuevas on March 19, 2021, with the aid of a Spanish interpreter.  (*See* Altman Decl. ¶ 10.)  Counsel agreed to provide Defendant Cuevas until March 31, 2021, to provide her disclosures, and explained that if they were not received by that date, Plaintiffs would seek an order from the Court compelling them.  (*See id.*)  Defendant Cuevas stated that she understood.  (*See id.*)  Defendant Cuevas responded to Plaintiffs' counsel's March 11 email on March 24, 2021, and stated (in Spanish) that she would provide her initial disclosures earlier, on March 29, 2021.  (*See* Altman Decl. ¶ 11 and Exh. 3.)

---

[1] Defendant Garibay is currently in default.  (*See* Docs. 19 & 20.)

[2] The date indicated in the Motion papers is November 25, ***2021***, which the Court presumes to be a scrivener's error.  (*See* Doc. 27-1 at 4.)

Plaintiffs did not receive Defendant Cuevas's disclosures on either March 29 or March 31, 2021.  (*See id.* ¶ 12.)  On April 27, 2021, Plaintiffs' counsel again emailed Defendant Cuevas to inform her that her initial disclosures were overdue, and that Plaintiffs would file a motion to compel the disclosures and seek monetary sanctions after May 4, 2021.  (*See id.* ¶ 13 and Exh. 5.)  A printed copy of this email in letter form was hand-delivered to Defendant Cuevas on April 28, 2021.  (*See* Castillo Decl. ¶ 7; Altman Decl. ¶ 14 and Exh. 6.)  On May 19, 2021, Plaintiffs filed the instant motion to compel, along with a request for sanctions, seeking $1,500 in attorney's fees and costs incurred in this dispute.

In her opposition, Defendant Cuevas states that she had her initial disclosures prepared and "received a signed proof of service" from the person that served them that the disclosures were served by mail on March 29, 2021.[3]  (Doc. 33, Declaration of Maricela Cuevas ("Cuevas Decl.") ¶ 6 and Exh. B.)  According to Defendant Cuevas, she was unaware until the filing of the Motion that Plaintiffs had not received her initial disclosures, and, once learned, she served them via email to Plaintiffs' counsel on June 15, 2021.  (*Id.*)

### III.    LEGAL STANDARD

Rule 26(a)(1) sets forth the disclosures that a party must provide without awaiting a discovery request unless exempted, stipulated or ordered by the court.  *See* Fed. R. Civ. P. 26(a)(1). Rule 37(a)(3)(A) permits a party to seek sanctions when the other party fails to provide Rule 26(a) initial disclosures.  Further,

> [if] a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) *may order payment of the reasonable expenses, including attorney's fees, caused by the failure*.

Fed. R. Civ. P. 37(c)(1)(A) (emphasis added).  The burden is on the party facing sanctions to prove

---

[3] Although Defendant Cuevas's opposition to the Motion was untimely by a week, the Court in its discretion will nevertheless consider it, in the interests of justice.  However, the Court cautions Defendant Cuevas that it expects strict compliance with the Local Rules in the future.  *See Creamer v. City of Tulare*, No. 1:15-cv-00916-DAD-EPG, 2016 WL 4524760, at *8 (E.D. Cal. Aug. 30, 2016) (A *pro se* litigant "is nonetheless required to comply with the Federal Rules of Civil Procedure and the Local Rules of this court.").

harmlessness.  *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d. 1101, 1107 (9th Cir. 2001).

If the disclosure is provided after a motion is filed, the court shall award attorney's fees unless the movant did not make a good faith effort to obtain disclosures without court action, or the opposing party's nondisclosure was justified, or other circumstances make the award of expenses unjust.  Fed. R. Civ. P. 37(a)(4)(A).

## IV.       DISCUSSION

As Defendant Cuevas has served her initial disclosures (*see* Doc. 33), the Court denies the Motion to compel such disclosures as moot.  *See Mejia v. Marauder Corp.*, No. C06-00520 HRL, 2006 WL 3050853, at *2 (N.D. Cal. Oct. 24, 2006).  Regarding Plaintiffs' request for sanctions, Defendant Cuevas has not shown she was substantially justified in failing to timely serve her initial disclosures.  Defendant Cuevas asserts that she "most of the documents sought by the Initial Disclosures have not been accessible to me" (Cuevas Decl. ¶ 4), but her disclosure obligation under Rule 26 extends only to those documents within her possession, custody, or control.  See *Fed*. R. Civ. P. 26(a)(1)(a)(ii).  Nor does the fact that she doesn't "routinely check" her email accounts (Cuevas Decl. ¶ 5) justify her delayed disclosure, as the Scheduling Order, which set forth the January 15, 2021, initial disclosures deadline, was served on Defendant Cuevas via U.S. mail—not email.  (*See* Docket).

The Court finds that Defendant Cuevas's failure is harmless.  There is no apparent prejudice to Plaintiffs: as Defendant Cuevas points out (*see* Cuevas Decl. ¶ 8), fact discovery does not close until August 3, 2021, and no trial date has been set.  It also appears that Defendant Cuevas reasonably (albeit incorrectly) believed that her initial disclosures were provided on the date agreed upon by the parties and prior to the Motion being filed.  Under the circumstances presented, sanctions are not warranted, and Plaintiffs' request for sanctions is therefore denied.

## V.       ORDER

Based on the foregoing, Plaintiffs Zulema Leon Garcia's and Laura Pavloff's motion to compel is DENIED AS MOOT and their request for sanctions is DENIED.  (Doc. 27).  Defendant Cuevas is cautioned, however, that future failures to comply with the Court's Scheduling Order and/or her discovery obligations may result in sanctions, including but are not limited to monetary

sanctions or default.

IT IS SO ORDERED.

Dated:   **June 17, 2021**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE