# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZULEMA LEON GARCIA, et al., ) | Case No.: 1:19-cv-1667 JLT SKO |
| Plaintiffs, ) ) | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |
| v. ) | |
| ARNULFO GARIBAY, et al., ) ) | |
| Defendants. ) ) | |

      The Court held a settlement conference with the parties on November 2, 2021, at which time the action settled. (Doc. 53.) The Court directed Plaintiffs to "file their notice of settlement within two (2) court days." (*Id.*) The Court also ordered the parties to file dismissal documents "once the initial lump sum is paid." (*Id.*)

      On November 4, 2021, Plaintiffs indicated "[a] former settlement agreement will be circulated between the parties for review and approval." (Doc. 54 at 2.) In addition, Plaintiffs reported: "Once all of the appropriate signatures have been obtained, an executed Stipulation of Dismissal of the entire action will be filed, but which will include a request that the Court retain jurisdiction to interpret and enforce the terms of the settlement." (*Id.*) The action remains pending, though more than nine months have passed since the Court ordered the parties to file dismissal documents once the anticipated initial lump sum payment was made.

      The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose terminating sanctions based on a party's failure to prosecute or failure to obey a court order. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (sanctions for for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (terminating sanctions for failure to comply with a court order).

Accordingly, within 14 days, the parties are **ORDERED** to show cause why terminating and/or monetary sanctions should not be imposed for their failure to comply with the Court's order or to file a stipulated request for dismissal.

IT IS SO ORDERED.

Dated:   **August 5, 2022**

UNITED STATES DISTRICT JUDGE